Chris Schaffer (CA Bar # 297558)
*Chris.Schaffer@fisherbroyles.com*
FISHERBROYLES, LLP
145 S. Fairfax Ave., Floor 2
Los Angeles, CA 90036
Telephone: 858.220.5965

Matthew Michael Wawrzyn (application *pro hac vice* forthcoming)
*Matthew.Wawrzyn@fisherbroyles.com*
FISHERBROYLES, LLP
200 East Randolph Street
 Suite 5100
Chicago, IL 60601
Telephone: 312.235.3120
Facsimile: 312.233.0063

*Attorneys for Kirk Pemberton*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK PEMBERTON, <br><br> Plaintiff, <br><br> v. <br><br> JACK IN THE BOX INC., <br><br> Defendant. | Case No. **'24CV1179 TWR JLB** <br><br> **COMPLAINT FOR WILLFUL PATENT INFRINGMENT** <br><br> **JURY TRIAL DEMANDED** |

Compl. Willful Patent Infringement -1- Case No.

## Jurisdiction and Venue

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court may exercise personal jurisdiction over Jack in the Box Inc., which conducts continuous and systematic business in California and in this District. Jack in the Box has a regular and established place of business located in this District. These willful patent-infringement allegations arise directly from Jack in the Box's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Jack in the Box would be consistent with the California long-arm statute and traditional notions of fair play and substantial justice. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## Parties

3. Plaintiff Kirk Pemberton resides in Gardena, California.

4. Defendant Jack in the Box is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9330 Balboa Avenue, San Diego, California 92123.

## Background

5. On April 29, 2008, Kirk Pemberton met with Jack in the Box executives, Greg Joumas, Joe Gagliardi. Jack in the Box's counsel, Steve Brigandi, and Kirk Pemberton's patent attorney, Leonard Tachner, also attended the meeting.

6. The meeting concerned a menu board system that Mr. Pemberton had invented. In particular, the meeting concerned what patent rights Mr. Pemberton owned covering his menu board system. In conversations and correspondence prior to the meeting, Mr. Pemberton had stated that he had patented his menu board system. For its part, Jack in the Box was strongly considering installing the menu board system in substantially all its drive throughs and restaurants. Jack in the Box called the 29 April 2008, meeting to scrutinize what, if any, patent rights to the

menu board system Mr. Pemberton owned.

7. The meeting was adversarial. Jack in the Box argued that Jack in the Box designed the menu board system, principally through Joe Gagliardi. Jack in the Box argued, in the alternative, that a firm named Coyle otherwise owned the patent rights covering the menu board system. Jack in the Box was under the impression that Mr. Pemberton was an employee of Coyle, who would own the patents by what Steve Brigandi argued were "shop right" laws.

8. Mr. Pemberton stated to Jack in the Box at the 29 April 2008 meeting that neither premise was true. First, Mr. Pemberton alone conceived of and reduced to practice the menu board system. He alone was the inventor. Second, Mr. Pemberton advised Jack in the Box that he was a mere independent contractor with Coyle. Furthermore, Mr. Pemberton shared that he had never signed a contract with Coyle or any other person in which Mr. Pemberton assigned or licensed his patent rights.

9. On May 2, 2008, through counsel, Mr. Pemberton encouraged Jack in the Box to produce whatever evidence Jack in the Box had that would show anyone, but Mr. Pemberton, owned the menu board system. "[I]f you or anyone else at Jack in the Box has evidence that Joe Gagliardi should have been named as a co-inventor on [Kirk Pemberton's] application and/or that your company has contractual rights on Kirk's inventions, I would be most appreciative of the opportunity to examine such evidence."

10. In the second quarter of 2008, Jack in the Box began to use Mr. Pemberton's menu board system, the "Re-Facing Magnetic System" or the "RMS."

11. The components of the RMS are as follows: (a) mounting boards; (b) acrylic prints; (c) polycarbonate panels; (d) magnets; (e) price carriers; (f) seam covers; and (g) pre-press-print production.

## Count 1: Willful Infringement of U.S. Patent No. 8,464,447

12. Based on the 29 April 2008 meeting, and Mr. Pemberton's correspondence with Jack in Box maintained from the April 29 meeting until today, Jack in the Box knows of the '447 Patent. Jack in the Box has specific knowledge of the claims in '447 Patent. Jack in the Box has specific knowledge of how the RMS infringes the '447 Patent claims.

13. Jack in the Box has demonstrated its specific knowledge of how the RMS infringes the claims of the '447 Patent. For example, Jack in the Box claimed to be a co-inventor of the '447 Patent. That is, Jack in the Box asserted that Joe Gagliardi contributed to the conception of the invention claimed in the '447 Patent.

14. Mr. Pemberton rejected Jack in the Box's assertion of co-inventorship of the '447 Patent at the 29 April 2008 meeting and always until today. Jack in the Box has utterly failed to produce a scintilla of evidence supporting its co-inventorship claim.

15. Jack in the Box's claim that it is a co-inventor of the '447 Patent and its use of the RMS evidences a specific intent to infringe the claims of the '447 Patent. In other words, Jack in the Box has used the RMS under the misguided, unfounded, and incorrect notion that Jack in the Box was a co-inventor of the '447 Patent and was somehow authorized in such use when it was not.

16. Jack in the Box began to use the RMS in May 2008. From the start of the term of the '447 Patent until today, Jack in the Box, with its use of the RMS, infringed and is infringing claims 1-7 of the '447 Patent.

17. Kirk Pemberton owns the '447 Patent. He seeks no less than a reasonable royalty and treble damages.

## Count 2: Willful Infringement of U.S. Patent No. 8,205,369

18. Based on the April 29, 2008, meeting, and Mr. Pemberton's correspondence with Jack in Box maintained from 29 April 2008 until today, Jack in

the Box knows of the '369 Patent. Jack in the Box has specific knowledge of the claims in '369 Patent. Jack in the Box has specific knowledge of how the RMS infringes the '369 Patent claims.

19. Jack in the Box has demonstrated its specific knowledge of how the RMS infringes the claims of the '369 Patent. For example, Jack in the Box claimed to be a co-inventor of the '369 Patent. That is, Jack in the Box asserted that Joe Gagliardi contributed to the conception of the invention claimed in the '369 Patent.

20. Mr. Pemberton rejected Jack in the Box's assertion of co-inventorship of the '369 Patent at the 29 April 2008 meeting and always until today. Jack in the Box has utterly failed to produce a scintilla of evidence supporting its co-inventorship claim.

21. Jack in the Box's claim that it is a co-inventor of the '369 Patent and its use of the RMS evidences a specific intent to infringe the claims of the '369 Patent. In other words, Jack in the Box has used the RMS under the misguided, unfounded, and incorrect notion that Jack in the Box was a co-inventor of the '369 Patent and was somehow authorized in such use when it was not

22. Jack in the Box began to use the RMS in May 2008. From the start of the term of the '369 Patent until today, Jack in the Box, with its use of the RMS, infringed and is infringing claims 1-14 of the '369 Patent.

23. Kirk Pemberton owns the '369 Patent. He seeks no less than a reasonable royalty and treble damages.

### Count 3: Willful Infringement of U.S. Patent No. 7,870,687

24. Based on the 29 April 2008 meeting, and Mr. Pemberton's correspondence with Jack in Box maintained from 29 April 2008 until today, Jack in the Box knows of the '687 Patent. Jack in the Box has specific knowledge of the claims in '687 Patent. Jack in the Box has specific knowledge of how the RMS infringes the '687 Patent claims.

25. Jack in the Box has demonstrated its specific knowledge of how the

RMS infringes the claims of the '687 Patent. For example, Jack in the Box claimed to be a co-inventor of the '687 Patent. That is, Jack in the Box asserted that Joe Gagliardi contributed to the conception of the invention claimed in the '687 Patent.

26. Mr. Pemberton rejected Jack in the Box's assertion of co-inventorship of the '687 Patent at the 29 April 2008 meeting and always until today. Jack in the Box has utterly failed to produce a scintilla of evidence supporting its co-inventorship claim.

27. Jack in the Box's claim that it is a co-inventor of the '687 Patent and its use of the RMS evidences a specific intent to infringe the claims of the '687 Patent. In other words, Jack in the Box has used the RMS under the misguided, unfounded, and incorrect notion that Jack in the Box was a co-inventor of the '687 Patent and was somehow authorized in such use when it was not

28. Jack in the Box began to use the RMS in May 2008. From the start of the term of the '687 Patent until today, Jack in the Box, with its use of the RMS, infringed and is infringing claims 1-13 of the '687 Patent.

29. Kirk Pemberton owns the '687 Patent. He seeks no less than a reasonable royalty and treble damages.

## Patents-In-Suit

39. The patents-in-suit are attached hereto as "Exhibit A." The patents-in-suit are incorporated herein as if alleged word for word as part of this complaint.

## Prayer for Relief

WHEREFORE, Kirk Pemberton prays for the following relief against Jack in the Box:

(a) Judgment that Jack in the Box has willfully and directly infringed the '447 Patent, the '369 Patent, and the '687 Patent;

(b) A reasonable royalty;

(c) Triple damages and reimbursement of attorney's fees and costs;

(d) Pre-judgment interest and post-judgment interest at the maximum rate

allowed by law;

   (e)   Pre- and post-judgment injunction, enjoining Jack in the Box from further infringements of the patent-in-suit; and

   (f)   Such further relief that the court order as just and proper.

**<u>Demand for Jury Trial</u>**

Plaintiff demands a trial by jury on all matters and issues triable by jury.

Date: <u>July 9, 2024</u>         */s/ Chris Schaffer*

Chris Schaffer (CA Bar # 297558)
*Chris.Schaffer@fisherbroyles.com*
FISHERBROYLES, LLP
145 S. Fairfax Ave., Floor 2
Los Angeles, CA 90036
Telephone: 858.220.5965

Matthew M. Wawrzyn (*pro hac vice* pending)
*Matthew.Wawrzyn@fisherbroyles.com*
FISHERBROYLES, LLP
200 East Randolph Street
 Suite 5100
Chicago, IL 60601
Telephone: 312.235.3120
Facsimile: 312.233.0063

*Attorneys for Kirk Pemberton*